```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
            SOUTH BEND DIVISION
```

DAVID W. NAIL,                )
                              )
Petitioner,                   )
                              )
vs.                           )   CAUSE NO. 3:08-CV-215
                              )
SUPERINTENDENT,               )
                              )
Respondent.                   )

### ORDER

This matter is before the court on the second amended habeas corpus petition filed by David W. Nail, a *pro se* prisoner, on June 20, 2008. For the reasons set forth below, the Court **DENIES** the habeas corpus petition (DE #10) pursuant to SECTION 2254 HABEAS CORPUS RULE 4 and **DIRECTS** the clerk to enter judgment.

BACKGROUND

Petitioner David W. Nail ("Nail"), a prisoner confined at the Westville Correctional Facility, filed this second amended habeas corpus petition challenging his conviction and one year sentence handed down by the Allen Superior court on October 4, 2004, in cause number 02D04-0410-CM-7987. In that case he plead guilty to domestic battery and resisting arrest.

DISCUSSION

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a)." *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 401 (2001). "The Supreme Court has interpreted the in custody language as requiring that the habeas petitioner be in custody under the conviction or sentence under attack at the time his petition is filed." *Martin v. Deuth*, 298 F.3d 669, 671 (7th Cir. 2002) (*citing Maleng v. Cook*, 490 U.S. 488, 490 (1989)) (quotation marks omitted).

Nail is not now in custody on this conviction, and he has completed his sentence. In his attached affidavit, Nail states that "he concluded the actual sentence of the domestic battery charge while setting [sic] in the Allen County Jail from August 29, 2005 until Sept. 12, 2006 . . . ." (DE #10-2 at ¶ 5). Nail also attaches a copy of the docket sheet for cause number 02D04-0410-CM-7987. It shows that on September 12, 2006, he was ordered "released from probation" with the "case closed" and that he was "released on own recognizance." (DE #10-5 p. 15). Nail initiated this habeas corpus proceeding when he placed his original petition into the prison mail system on May 1, 2008. (DE #1 p. 10). Therefore, Nail was not in custody on this conviction when the petition was filed.

However, Nail argues that this original conviction was used to enhance the duration of a later conviction on which he is currently incarcerated. Nail states, "the sentence that this Petitioner is now serving is based in whole or in part on the malfeasanced [sic] No Contact order that was ordered by the trial court on 10/04/2004 which raised the felony from a D to a C, or from 3 to 8 years incarceration." (DE #10-2 at ¶ 6).

Nevertheless, this argument is insufficient to permit a direct habeas corpus review of the challenged original conviction in this case. The Supreme Court has ruled on several cases in which a prisoner has filed a § 2254 petition related to a conviction previously served.

> In *Maleng v. Cook* [490 U.S. 488 (1989) (per curium)], we considered a situation quite similar to the one presented here. In that case, the respondent had filed a § 2254 petition listing as the "conviction under attack" a 1958 state conviction for which he had already served the entirety of his sentence. He also alleged that the 1958 conviction had been used illegally to enhance his 1978 state sentences . . ..
>
> We held that the respondent was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. We acknowledged, however, that because his § 2254 petition could be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, respondent satisfied the "in custody" requirement for federal habeas jurisdiction.
>
> Similarly, Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions. Coss is, however, currently serving the sentence for his 1990 conviction. Like the respondent in *Maleng*, Coss' § 2254 petition can be (and

> has been) construed as asserting a challenge to the 1990
> sentence, as enhanced by the allegedly invalid prior 1986
> conviction.

*Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 401-402 (2001)(quotation marks, citations, brackets, and ellipsis omitted).

Unlike the petitions in *Maleng* and *Coss*, this petition cannot be construed as a challenge to his current conviction because Nail already filed a separate habeas corpus petition challenging his current conviction. *See Nail v. Superintendent*, 3:08-CV-234 (N.D. Ind. filed May 14, 2008). In that habeas corpus petition he explicitly raised a challenge to the use of this conviction as an enhancement as well as many other grounds. Therefore this petition cannot be construed as a duplicate and more limited challenge to his current conviction. Thus Nail has not satisfied the "in custody" requirement for federal habeas jurisdiction.

It plainly appears from the petition and attached exhibits that Nail is not entitled to relief in the District Court. As such, according to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must dismiss the petition and direct the clerk to notify the petitioner accordingly.

CONCLUSION

For the reasons set forth above, the court **DENIES** the habeas corpus petition (DE #10) pursuant to SECTION 2254 HABEAS CORPUS RULE 4 and **DIRECTS** the clerk to enter judgment.

**DATED: November 7, 2008**         /s/RUDY LOZANO, Judge
                                    **United States District Court**